IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| QUENTIN JEREL PERKINS, | : | |
| Petitioner, | : | |
| v. | : | Case No. 5:26-cv-6-TES-ALS |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**ORDER**

Petitioner Quentin Jerel Perkins, a prisoner at Terre Haute FCI in Terre Haute, Indiana, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He did not pay the filing fee or moved to proceed *in forma pauperis* ("IFP").

Petitioner was before the Court on May 2, 2023 for Criminal Case No. 5:22-cr-45-TES-CHW and judgment was entered on May 10, 2023 sentencing Petitioner to the custody of the United States Bureau of Prisons ("BOP") for a total term of forty-eight months to be served consecutively with any and all sentences imposed in Petitioner's multiple state court criminal cases out of Kansas and Georgia. *See United States v. Perkins*, No. 5:22-cr-45-TES-CHW (M.D. Ga. May 10, 2023) (Doc. 46). Petitioner filed this habeas petition requesting credit for time served in pre-sentence confinement. (Doc. 1).

However, the Court does not possess the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) ("[T]he Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); *see also United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court [of

the United States] has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). Only after a defendant has fully exhausted his administrative remedies with the BOP may a defendant mount a judicial challenge to the BOP's decision as to sentence computation. *Roberson*, 746 F. App'x at 885 ("Only 'after the exhaustion of administrative remedies' may a claim for credit for time served be brought under § 2241." (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000)). Here, Petitioner has not demonstrated that he sought administrative relief through the BOP before asking the Court to review the computation of his sentence.

Petitioner is therefore **ORDERED** to complete in full the attached § 2241 form and detail the BOP's computation of his sentence as it relates specifically to any pre-sentence confinement. Furthermore, Petitioner must provide the Court with additional information demonstrating how he has exhausted remedies with the BOP from the BOP's denial of any pre-trial confinement credits. He is also **ORDERED** to either pay the $5.00 filing fee <u>or</u> to file an application requesting leave to proceed IFP along with a "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution." R. Governing Section 2254 Cases in the U.S. Dist. Cts. 3(a)(2).[1]

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his petition on the Court's standard § 2241 form as instructed, <u>and</u> (2) either pay the $5.00 filing fee <u>or</u> submit a complete motion to proceed IFP that includes a certified copy of his account statement. Petitioner must keep the Court informed of any future address change. Failure to fully and timely comply with this Order can result in the dismissal of this civil action.

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are also applicable to claims under § 2241. *See* R. Governing Section 2254 Cases in the U.S. Dist. Cts. 1(b).

The Clerk of Court is **DIRECTED** to forward the Court's standard form for § 2241 petitions and financial forms (with the civil action number written on them) to Petitioner along with a copy of this Order. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 22nd day of January, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE
